# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

## DISTRICT OF COLUMBIA.

## UNION DISTILLING COMPANY v. SCHNEIDER.

TRADEMARKS; APPEALS; INTERLOCUTORY ORDERS.

An order of the Commissioner of Patents which affirms an order of the Examiner of Trademarks dissolving an interference between rival applicants for registration of a trademark, on the ground that the mark had been adopted and was in prior use by a third person, but which does not finally refuse registration, is an interlocutory order, and not appealable to this court.

No. 359.    Patent Appeals.    Submitted November 13, 1906.    Decided February 5, 1907.

HEARING on an appeal from a decision of the Commissioner of Patents affirming an order of the Examiner of Trademarks dissolving an interference between applicants for registration of a trademark.    *Appeal dismissed.*

*Mr. Arthur E. Wallace* for the appellant.

There was no appearance for the appellee.

*Mr. Fairfax Bayard* for the Commissioner of Patents.

Mr. Justice Robb delivered the opinion of the Court:

This court has no jurisdiction to entertain the appeal herein. We dismissed *Podlesak* v. *McInnerney,* November 21, 1906, for want of jurisdiction. That was an appeal from an interlocutory order of the Commissioner of Patents in an interference proceeding, dissolving the interference and remanding the case to the Primary Examiner for further action not inconsistent with the views of the Commissioner. It was urged that such an order was in effect a final order, and therefore appealable to this court, but we entertained the opposite view and dismissed the appeal.* Exactly the same question is involved here. An interference was declared in the Patent Office between appellant, as an applicant for the registration of a trademark, and John R. Schneider, a rival applicant here designated as the appellee. Before the issue in that interference was determined the Patent Office discovered evidence that another firm had used the same mark in the same business prior to the date set up in the applications of the parties to the interference. The Examiner thereupon dissolved the interference, from which ruling an appeal was taken to the Commissioner, whose opinion follows:

"This is an appeal by the Union Distilling Company from the decision of the Examiner of Trademarks dissolving the above-entitled interference on the ground that the mark of the issue is a well-known trademark which was adopted and used by another prior to the date of adoption alleged by the present applicants.

"As evidence of such prior adoption and use, the examiner calls attention to the mark registered by Mills, Johnson, & Company on March 14, 1871.

"The appellant calls attention to the fact that the registration cited was made under the unconstitutional act of 1870, and to the further fact that the period of thirty years for which

_____

*No opinion was filed, but see Same Case, 26 App. D. C. 399.—Reporter.

the registration was granted has expired. It therefore urges that such registration is not a valid reference, since it is not prima facie evidence of ownership by the registrant. The question here raised was considered and decided in the case of *Ex parte Star Distillery Co.* 119 Off. Gaz. 964, wherein it was held that registrations under the act of 1870 are to be regarded as proper references until overcome in some way by the applicant. The appellant asks that, if the ruling in the above-cited case is adhered to, it be permitted to overcome the registration as a reference by an interference proceeding. It is clear, however, that there can be no interference, since interferences can be declared only as to applications and existing registrations. The appellant's remedy would seem to be not an interference, but a showing in the form of affidavits tending to overcome the presumption that the registrant under the act of 1870 is still the owner of the mark. If such affidavits are filed, a continuance of the present interference will necessarily follow.

The examiner was right in dissolving the interference in the absence of a showing tending to overcome the reference cited, and therefore his decision is affirmed."

It is apparent that this appeal is not from a final order refusing registration, but from a mere interlocutory order, from which no appeal lies to this court. Appellant's application has not yet been denied. It may be that, unless it satisfies the Patent Office that another firm had not previously adopted and used the trademark, or, having previously adopted and used it, subsequently abandoned it, its application will be denied and a final order to that effect entered. But such an order has not been made, and this appeal must therefore be dismissed for the want of jurisdiction, and it is so ordered.

The clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents, according to law.                                    *Dismissed.*